**In the Matter of Richard KLANISH and Erma M. Klanish, Debtors,**

v.

**PENN FURNITURE COMPANY, Defendant.**

**Bankruptcy No. 85–392.**

**Motion No. 85–1042.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 7, 1986.

Joseph Colavecchi, Colavecchi & Ryan, Clearfield, Pa., for debtors.

John Sughrue, Clearfield, Pa., for defendant.

**MEMORANDUM OPINION**

BERNARD MARKOVITZ, Bankruptcy Judge.

The matter before the Court is the Debtors' *Motion to Avoid Lien Impairing Ex-*

*emptions* relating to various household and consumer debts which the Debtors aver are non-possessory, non-purchase money security interests, held primarily for personal, family or household use. In response thereto, the Defendant avers that their claim is secured by a Security Agreement and a Memorandum Add-On Sale to Security Agreement, which grants them a security interest in the goods sold. For the reasons hereinafter set forth, this Court denies the Debtors' Motion, and shall attach hereto, an Order determining the Defendant as holding a secured creditor's status.

Factually, it is undisputed but that on October 7, 1983, the parties entered into and executed a document titled Security Agreement, which provided *inter alia:*

"*Identification of Security Interests:* Seller shall have and there is hereby granted to and created in favor of Seller, a purchase money security interest for the goods purchased under this Agreement, together with all attachments, accessories and parts used or intended to be used with the goods, to secure payment of the Total of Payments, and all other sums payable by the Buyer hereunder."

Thereafter, on February 4, 1984, the parties entered into and executed a document titled Memorandum of Add-On Sale to Security Agreement, which provided that it was entered into "pursuant to the Pennsylvania Goods and Services Installment Sales Act".

Thereafter, the Memorandum Add-On Agreement provided that:

"Seller has sold to Buyer and Buyer has purchased from Seller, the additional goods or goods and services described on Invoice No. 45364, dated February 4, 1984, attached hereto and made a part thereof.

Seller is adding the purchase of additional goods or goods and services described above to Buyers' existing Security Agreement, dated February 4, 1984 (hereinafter referred to as "Agreement"), in accordance with the provision of the Agreement, and except as supple-

mented hereby, all terms and conditions of the Agreement shall apply equally to the additional goods or goods and services."

In addition, the Memorandum of Add-On Sale to Security Agreement provided *inter alia:*

"*Identification Of Security Interests:* Seller shall have and is hereby granted and created in favor of Seller, a purchase money security interest in the additional goods, together with all attachments, accessories and parts used or to be used with said goods, to secure payment of the Consolidated Total of Payments and all other sums payable by Buyer provided for in this Memorandum".

■ The question before the Court is whether a purchase money security interest in consumer goods survives when the debt is consolidated with that incurred for subsequent purchases, when the original Security Agreement did not contain an "add-on" clause. This Court concludes that the "add-on" provision did not eliminate the purchase money character of the security interest in the original purchase, even though the original Security Agreement did not contain such an "add-on" clause.

The case of *Pristas v. Landaus Plymouth, Inc.,* 742 F.2d 797 (3d Cir., 1984) clearly and concisely analyzed the basic question before this Court, and determined that a contrary view (Transformation Rule) is misguided in that it failed to consider the critical language of the Uniform Commercial Code, Section 9–107.

The Court further stated:

G] "Tolerance of [add-on] debts and collateral provisions properly applied, carries out the approbation for purchase money security arrangements, and simplifies repeat transactions between the same Buyer and Seller."

"Moreover, this approach has the positive consequence of a larger number of sales and the net effect is no more detrimental to the Buyer than if a number of

purchases had been made from different vendors." 742 F.2d at 801.

Thereafter, the Court went on to reason that the Pennsylvania Goods and Services Installment Sales Act, 69 P.S. § 1101 et seq. (hereinafter referred to as "Act"), permits consolidation of subsequent purchases with original purchases, and allows creditors to treat original purchases as security for latter purchases.

The Memorandum of Add-On to Security Agreement, which was executed by all parties to this litigation, provides that additional purchases were to be added to the previous Security Agreement. Clearly, the parties intended to consolidate their debts, and equally clearly, the parties intended that the Security Agreement covering the initial purchases was to be continued and added on through the subsequent Memorandum Agreement. Therefore, the purchase money security interest in the property in question cannot be extinguished and/or avoided under Section 522(f)(2) of the Code.

The Defendant raises, by way of Counterclaim, the question of relief from automatic stay. From the basis of the record, there is no evidence offered relating to the value of the items in question and/or the Debtors' equity therein. Accordingly, the question of relief from automatic stay and/or adequate protection cannot be addressed in this Memorandum Opinion.

By inference, the issue of allocation is before the Court, and by way of direction, the Court observes that the Pennsylvania Goods and Services Installment Sales Act, previously discussed, provides direction to the parties in determining this issue for themselves.